# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31055

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

Lyle W. Cayce
Clerk

TROY GREENUP,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-4185

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Troy Greenup, Louisiana prisoner # 600654, moves for a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction for rape of a child under the age of 13. Greenup argues that trial counsel was ineffective for failing to object to an anomaly in the jury's verdict, trial counsel was ineffective for failing to object to a nurse being allowed to testify as an expert in child sexual abuse, trial counsel was ineffective for failing to call a defense expert to rebut the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony of the State's expert, trial and appellate counsel were ineffective for failing to raise a conflict of interests claim, the trial court erred by not addressing the conflict sua sponte, the introduction of other crimes evidence violated his right to due process, the State's use of prejudicial and inflammatory language during closing arguments violated his right to due process, and the denial of an out-of-time appeal deprived him of his due process right to have to his appeal decided on a complete and accurate record.

To obtain a COA, Greenup must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Greenup has not made the requisite showing. *See Miller-El*, 537 U.S. at 336.

To the extent that Greenup seeks a COA to appeal the denial of his motion for an evidentiary hearing, he is not required to obtain a COA, and we construe his COA motion as a direct appeal of the district court's denial of his motion. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Greenup fails to show that the denial of his motion was erroneous. *See Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011).

Accordingly, Greenup's motion for a COA is DENIED. The district court's denial of an evidentiary hearing is AFFIRMED.